**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maurio Daetrel Rivers, Appellant.

Appellate Case No. 2012-213729

———————————

Appeal From Colleton County
Diane Schafer Goodstein, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-441
Heard November 5, 2014 – Filed December 3, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Shannon Williams, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Maurio Rivers appeals his conviction for attempted murder, arguing the trial court erred in denying his motion for a directed verdict and not instructing the jury as to the required specific intent to kill for an attempted murder conviction. We affirm pursuant to Rule 220(b), SCACR, and the following

authorities:  *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *id.* ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.") (emphasis in original); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472-73 (2004) (holding "the trial court is required to charge only the current and correct law of South Carolina" and stating "[a] jury charge is correct if it contains the correct definition of the law when read as a whole").

**AFFIRMED.**

**FEW, C.J., and LOCKEMY, J., and CURETON, A.J., concur.**